# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PASTOR ISABEL VELA,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF FRESNO, et al.,<br><br>Defendants. | Case No. 1:26-cv-02792-SAB<br><br>ORDER SCREENING COMPLAINT AND GIVING LEAVE TO AMEND<br><br>ORDER DENYING MOTION TO DISQUALIFY CITY ATTORNEY<br><br>(ECF No. 1, 3)<br><br>**THIRTY-DAY DEADLINE** |

On April 13, 2026, Plaintiff Pastor Isabel Vela, who is proceeding *pro se* and *in forma pauperis*, filed a complaint against City of Fresno, the Fresno Police Department, and Doe Sergeant. (ECF No. 1.) The Court granted Plaintiff's application to proceed *in forma pauperis* with the notice that service would not be undertaken until the Court screened the complaint in due course. (ECF Nos. 6.) The Court now undertakes its screening.

**I.**

**SCREENING REQUIREMENT**

The *in forma pauperis* statute provides that a court shall dismiss a case if, *inter alia*, the complaint is frivolous or malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2). In determining whether a complaint fails to state a claim, a court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). A complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . ."

Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

To survive screening, a plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

Moreover, federal courts are under a duty to raise and decide issues of subject matter jurisdiction *sua sponte* at any time it appears subject matter jurisdiction may be lacking. Fed. R. Civ. P. 12; Augustine v. United States, 704 F.2d 1074, 1077 (9th Cir. 1983). If the Court determines that subject matter jurisdiction is lacking, the Court must dismiss the case. Id.; Fed. R. Civ. P. 12(h)(3).

Leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. Cato v. U.S., 70 F.3d 1103, 1106 (9th Cir. 1995).

## II.

## COMPLAINT ALLEGATIONS

On February 6, 2026, unknown officers of the Fresno Police Department allegedly entered the house of Plaintiff without a warrant. (ECF No. 1, pp. 1, 18.) The officers stated that they had warrants for children but did not produce any warrant when Plaintiff requested it. (Id. at p. 18.) Plaintiff told the officers that she would not allow officers entry without a warrant. (Id.) The supervising sergeant told Plaintiff that if she refused entry, Plaintiff would be arrested. (Id.) Plaintiff asserted her right to refuse entry and was arrested. (Id. at p. 4.) At some unknown point, the sergeant said, "You have no rights," and/or "My legal team said you have no rights." (Id. at pp. 2, 18.)

Plaintiff alleges that in order to enter the house, a locksmith had been used to "forcibly

enter." (Id. at p. 3.) At some point, the sergeant was on a phone call and labeled Plaintiff "uncooperative." (Id. at pp. 12, 19.) Plaintiff stepped outside to address that comment and was immediately arrested. (Id. at p. 19.) Plaintiff alleges that the handcuffs applied to her were excessively tight; Plaintiff repeatedly complained; and officers refused to loosen. (Id. at pp. 6, 19.) Plaintiff alleges that a female officer conducted a physical search of Plaintiff, which was done in public and included checking under Plaintiff's skirt. (Id. at pp. 7, 19.) At some point thereafter, Plaintiff "requested medical care 10+ times" and "officers ignored visible swelling." (Id. at pp. 8, 13.) Plaintiff would experience nerve damage. (Id.) After being released, an officer took photos of Plaintiff's injuries but did not include any identifying features. (Id. at p. 19.)

Apparently afterward, Defendant City of Fresno conducted a controlled internal review, declined escalation to Internal Affairs, and issued a finding of "no wrongdoing." (Id. at pp. 14, 20.) In Plaintiff's view, the City failed to "discipline or correct." (Id.) Plaintiff alleges that the children at issue were in her care and that the warrants to remove them were approximately four months old and did not list her home address. (Id. at p. 20) Plaintiff alleges that she provided documentation showing lawful custody of the children since 2025, which was ignored. (Id.)

Separately, Plaintiff alleges that the Fresno City Attorney must be disqualified from representing the Defendants because the unknown sergeant stated, "My legal team said you have no rights." (Id. at p. 16.) Plaintiff alleges the City Attorney is a necessary witness. (Id.)

Plaintiff brings the following causes of action: 1) unlawful search and warrantless entry; 2) false arrest and unlawful detention; 3) first amendment retaliation; 4) excessive force; 5) sexual battery/unlawful search; 6) deliberate indifference to medical needs; 7) unlawful child seizure; 8) Monell liability. Separately, Plaintiff moved for disqualification of the Fresno City Attorney. (ECF No. 3.)

## III.

## DISCUSSION

The Court has screened the complaint, 28 U.S.C. § 1915, and finds that a response is warranted from the defendants regarding claims of unlawful search and warrantless entry, false

arrest and unlawful detention, excessive force, sexual battery/unlawful search, deliberate indifference to medical needs, and Monell liability. However, the Court finds that the claims of first amendment retaliation and unlawful child seizure are not adequately pleaded. The Court will analyze these claims, and then give Plaintiff leave to amend or allow Plaintiff to file a notice of an intent to proceed on the cognizable claims identified above.

**A. First Amendment Retaliation**

"[A]s a general matter the First Amendment prohibits government officials from subjecting an individual to retaliatory actions" for engaging in protected speech. Nieves v. Bartlett, 587 U.S. 391, 398 (2019), quoting Hartman v. Moore, 547 U.S. 250, 256 (2006). "If an official takes adverse action against someone based on that forbidden motive, and 'non-retaliatory grounds are in fact insufficient to provoke the adverse consequences,' the injured person may generally seek relief by bringing a First Amendment claim." Id., quoting Hartman, 547 U.S. at 256. To prevail on such a claim, a plaintiff must establish a "causal connection" between the government defendant's "retaliatory animus" and the plaintiff's "subsequent injury." Hartman, 547 U.S. at 259. "It is not enough to show that an official acted with a retaliatory motive and that the plaintiff was injured—the motive must *cause* the injury." Nieves, 587 U.S. at 398 (emphasis in original). Specifically, it must be a "but-for" cause, meaning that the adverse action against the plaintiff would not have been taken absent the retaliatory motive. Id., citing Hartman, 547 U.S. at 259.

Significantly, Plaintiff has not alleged that she engaged in protected speech as cognizable under the First Amendment nor has she alleged any retaliatory animus as defined above. Plaintiff alleges she was in her home and told officers that she refused their entry. The officers entered anyway.

Plaintiff has not alleged she engaged political and ideological speech (or engaged in other forms of protected speech such as political funding or symbolic acts). See Brown v. Entertainment Merchants Association, 564 U.S. 786, 790 (2011) ("The Free Speech Clause exists principally to protect discourse on public matters."). Plaintiff has provided no authority that merely invoking a federal constitutional right, under the circumstances of this case, would be

protected speech.

Furthermore, Plaintiff has not alleged any retaliatory motive on behalf of the doe sergeant or other officers. Merely because Plaintiff told an officer not to enter her house and the officer enters anyway does not, by itself, demonstrate retaliatory animus. Plaintiff's allegation that the sergeant stated, "You have no rights," doe not otherwise support retaliatory animus as conceived under the doctrine of First Amendment retaliation. Nieves, 587 U.S. at 398. Any inference by the Court would be conclusory.

For these reasons, the Court finds that Plaintiff has failed to state a First Amendment retaliation claim.

**B. Unlawful Child Seizure**

Plaintiff's seventh claim centers on removal of children by "Officers, Tulare County CPS." (ECF No. 1, p. 9.) Generally, "the Court is without jurisdiction over [child custody] claims because they are exclusively matters of state law." Rivers v. Wright, No. 1:19-cv-00916-DAD-BAM, 2020 WL 3052253, at *2 (E.D. Cal. Apr. 1, 2020), F&R adopted, 2020 WL 3047796; citing Ankenbrandt v. Richards, 504 U.S. 689, 702-704 (1992) (holding that the domestic relations exception to federal subject matter jurisdiction "divests the federal courts of power to issue divorce, alimony and child custody decrees."); see also Peterson v. Babbitt, 708 F.2d 465, 466 (9th Cir. 1983) (stating that "federal courts have uniformly held that they should not adjudicate cases involving domestic relations, including 'the custody of minors and *a fortiori*, right of visitation.' For that matter, the whole subject of domestic relations and particularly child custody problems is generally considered a state law matter"). "Even when a federal question is presented, federal courts decline to hear disputes which would deeply involve them in adjudicating domestic matters." Id., quoting Thompson v. Thompson, 798 F.2d 1547, 1558 (9th Cir. 1986).

That said, "[p]arents and children have a well-elaborated constitutional right to live together without governmental interference. Wallis v. Spencer, 202 F.3d 1129, 1136 (9th Cir. 2000), citing Santosky v. Kramer, 455 U.S. 745, 753 (1982); Stanley v. Illinois, 405 U.S. 645 (1972); Pierce v. Soc'y of Sisters, 268 U.S. 510, 534-35 (1925); Meyer v. Nebraska, 262 U.S.

390 (1923). "That right is an essential liberty interest protected by the Fourteenth Amendment's guarantee that parents and children will not be separated by the state without due process of law except in an emergency." Id. at 1136-37, citing Stanley, 405 U.S. at 651; Campbell v. Burt, 141 F.3d 927 (9th Cir. 1998); Ram v. Rubin, 118 F.3d 1306, 1310 (9th Cir. 1997); Caldwell v. LeFaver, 928 F.2d 331, 333 (9th Cir. 1991); Baker v. Racansky, 887 F.2d 183, 186 (9th Cir. 1989).

Plaintiff has alleged that children were removed from her home, that any warrants for such removal were stale, and no emergency existed. (ECF No. 1, p. 9.) Critically, however, Plaintiff has not alleged that the children removed from her home were in fact her children. Because this right belongs only to parents and their children, the Court finds that Plaintiff has failed to state a claim.

**C. Motion to Disqualify City Attorney**

Both in the complaint and separately, Plaintiff has moved to disqualify the Fresno City Attorney from representing the City of Fresno and the Fresno Police Department. (ECF No. 3.) The Fresno City Attorney is not a party or counsel to this action. Nor has Plaintiff provided any legal authority that would allow the Court to disqualify an attorney from representing a defendant preemptively. In other words, this request appears to be premature. Therefore, the Court will deny the request.

**D. Leave to Amend**

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend shall be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). "In the absence of . . . undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should . . . be 'freely given.'" Foman v. Davis, 371 U.S. 178, 182 (1962), quoting Fed. R. Civ. P. 15(a). In other words, "[a]bsent prejudice, or a strong showing of any of the remaining Foman factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). The decision of whether to grant leave to

amend is within the discretion of the district court. Leadsinger, Inc. v. BMG Music Pub., 512 F.3d 522, 532 (9th Cir. 2008).

While the Court remains skeptical whether Plaintiff might be able to state a claim of either first amendment retaliation or state separation of a child without due process, the Court finds leave to amend is warranted. At this time, Plaintiff has not demonstrated undue delay, bad faith, or dilatory motive. Accordingly, the Court will allow Plaintiff leave to amend to cure the deficiencies outlined in this order.

Alternatively, the Court will allow Plaintiff to file a notice to proceed on the claims in the complaint the Court has already found to be cognizable: unlawful search and warrantless entry, false arrest and unlawful detention, excessive force, sexual battery/unlawful search, deliberate indifference to medical needs, and Monell liability.

**IV.**

**CONCLUSION AND ORDER**

For the reasons discussed herein, Plaintiff fails to state a claim of First Amendment retaliation and state separation of a child without due process. Plaintiff shall be granted leave to file an amended complaint to cure the deficiencies identified in this order, if she believes he can do so in good faith. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000). If Plaintiff chooses to file an amended complaint, that complaint can be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights or violations of state law. Iqbal, 556 U.S. at 678-79. Importantly, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted).

Finally, Plaintiff is informed that the Court cannot refer to a prior pleading in order to make Plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015).

/ / /

Based on the foregoing, IT IS HEREBY ORDERED that:

1. The Clerk of the Court shall send Plaintiff a civil rights complaint form;

2. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a first amended complaint curing the deficiencies identified by the Court in this order;

3. The first amended complaint, including attachments, shall not exceed **twenty-five (25)** pages in length;

4. If an artificial intelligence ("AI") program was used in drafting the amended complaint, Plaintiff shall certify, under penalty of perjury, that Plaintiff used AI and has checked the citations to all cases, statutes, and other precedent, and that each citation exists and appropriately stands for the proposition Plaintiff makes;

5. If AI was not used in drafting the amended complaint, Plaintiff shall certify, under penalty of perjury, that Plaintiff did not use AI;

6. Should Plaintiff fail to certify regarding the use of AI (*i.e.*, either that Plaintiff did use AI or that Plaintiff did not use AI), **the Court will strike the amended complaint**;

6. Alternatively, Plaintiff may file a notice to proceed on the claims from the complaint that the Court has found to be cognizable in this order;

7. <u>If Plaintiff fails to file an amended complaint or notice to proceed on cognizable claims in compliance with this order, the Court will recommend that this action be dismissed</u>; and

8. The motion to disqualify the city attorney is DENIED (ECF No. 3.)

IT IS SO ORDERED.

Dated: **September 8, 2026**

STANLEY A. BOONE
United States Magistrate Judge